No. 2826

Second Circuit

## RILEY v. ROGAN

(Dec. 11, 1926. Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Damages—Par. 1.**

Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.
C. C. 2315.

2. **Louisiana Digest—Sales—Par. 287.**

In case of eviction, the warrantor must return the price paid for the property.
C. C. 2506.
Raymond vs. Froeba, 35 La. Ann. 376.

3. **Louisiana Digest—Specific Performance —Par. 10.**

As to condition that may arise in the future, persons cannot by agreement close the doors of the courts upon themselves.
C. C. 3130.
State, ex rel. Watkins vs. North American L. & T. Co., 106 La. 620, 37 South. 172.
Saint vs. Martel, 127 La. 73, 53 South. 432.

Appeal from the Sixth Judicial District Court of Louisiana, parish of Madison. Hon. F. X. Ransdell, Judge.

Action by Charles V. Riley against Henry A. Rogan.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

R. K. Boney, W. M. Murphy, of Tallulah, attorneys for plaintiff, appellee.

John B. Stone, of Tallulah, attorney for defendant, appellant.

STATEMENT OF THE CASE.
REYNOLDS, J.    In this case Charles V. Riley purchased from Henry A. Rogan the merchantable timber on his Atherton Plantation, except that part previously sold to Percy H. Pierson.

Under this contract plaintiff cut certain timber on the Northwest quarter of Section 14, Township 16 North, Range 13 East and paid the defendant therefor at the contract price of $4.50 per 1000 feet.

Later plaintiff was informed by the agent of Mrs. Mary E. Hughes that the timber so cut and paid for belonged to her at the time it was cut and he demanded in her name payment for the same.

Plaintiff notified defendant of Mrs. Hughes' claim and demand and defendant referred him to his brother, Irby Rogan, who made an engagement to meet plaintiff and Mrs. Hughes' agent in an effort to adjust the matter but failed to keep his engagement; whereupon plaintiff paid Mrs. Hughes $900.00 in full settlement for the timber cut from her land and filed this attachment suit against the defendant, an absentee, to recover the amount so paid.

Defendant filed an exception of no cause of action, insufficiency of the attachment bond, estoppel and prescription.

On these pleas being overruled, defendant answered claiming that the timber in question belonged to him when he sold it to plaintiff and not to Mrs. Hughes.

On these issues the case was tried and there was judgment in favor of plaintiff for $900.00.

Defendant has appealed.

## OPINION.

The exception of no cause of action was properly overruled, for the reason that for the purposes of the exception all the allegations of the petition are taken for true, and under the allegations of the petition plaintiff has clearly set forth a cause of action.

The exception to the sufficiency of the amount of the attachment bond was properly overruled, for the reason that an attachment bond for $250.00 was furnished and this is the amount required for an attachment bond obtained solely on the ground that the defendant is an absentee under Act 119 of 1916.

The plea of prescription was properly overruled, for the reason that it is shown by the evidence that ten years had not elapsed since defendant claimed to have held possession of the land from which the timber was cut.

The plea of estoppel was properly overruled, for the reason that parties cannot contract as to matters in the future to close the doors of the courts against themselves.

## ON THE MERITS.

The question to be decided in this case is whether or not defendant owned any of the timber cut by plaintiff on the Northwest quarter of Section 14, Township 16 North, Range 13 East, and the quantity of the timber so cut.

This is a question of fact, and our learned brother of the district court appears to have gone into it very thoroughly. After having appointed expert surveyors and expert cruisers and after re-opening the case and admitting further evidence after the case had been closed he rendered an able written opinion, a portion of which we quote as follows:

"In this suit complainant seeks to recover the sum of nine hundred dollars which he paid to Mrs. Mary E. Hughes for timber which he cut off of the NW¼ Sec. 14, T. 16 R. 13 E., Madison parish, Louisiana, by virtue of a contract entered into by and between complainant and defendant for the purchase by complainant of the merchantable timber on certain lands, supposed to be owned by defendant and described in the pleadings, and which were pointed out to the complainant by one I. L. Rogan, agent and representative of the defendant, said I. L. Rogan indicating by the cutting out of a supposedly diagonal line through the NW¼ of said Sec. 14 T. 16 R. 13 E. as the east boundary line of the property from which the timber should be removed. Complainant acting under the provisions of said contract and the instructions of said I. L. Rogan as to boundary lines, cut the timber on said property paid defendant for it and then under claim of Mrs. Hughes paid her for the timber cut off of the NW¼ of said Sec. 14. The evidence induces the belief that the land from which the timber in question was cut belonged to Mrs. Hughes and that I. L. Rogan was mistaken in claiming same for defendant and in selling the timber on it. It further appears to the court that of the several surveys made of the said NW¼ of said Sec. 14 T. 16 R. 13 E. that that made by D. F. Bull, C. E., is most worthy of credit and should be accepted as correct. The so-called old diagonal line in my opinion is without merit from the evidence in this case as a boundary line, indicative of the east or any other boundary of the Rogan property, and could not be considered as such except upon the most specific evidence, which is totally lacking. In my opinion, the old blazes indicating the said old diagonal line through said section 14, could only evidence some old woods trail and in no sense shape the findings in this case. The report of W. M. Razor, expert appointed to measure the timber cut off of the land in question, shows some 10,000 feet more than the amount claimed to have been paid for by complainant and reported by I. B. Beard as the correct footage, i. e.,

105,722, cut from the said NW¼ of said Section 14, by complainant under his contract with Rogan. Hence I feel quite safe in accepting the Beard report as correct. Both Beard and Razor are experienced timber men and worthy of belief. The only question in the case seems to be whether or not complainant suffered the injury complained of. If he was misled either intentionally or through honest error, and suffered as a consequence the loss complained of, by the defendant or his agent I. L. Rogan, then is not defendant liable for such loss? That complainant was misinformed and that he suffered a loss resulting from such misinformation I feel that the evidence fully establishes. The owner of property is called upon to know his boundaries and when he goes beyond them and sells other people's property he should refund the loss occasioned thereby."

We thoroughly agree with these findings of fact by our brother of the district court. And this brings us to the question of the damages sustained by plaintiff.

Plaintiff purchased from defendant the timber in dispute, amounting to 100,000 feet (really a little more, but for all practical purposes, 100,000 feet) and paid defendant for same at the rate of $4.50 per 1000 feet, or $450.00. On finding that Mrs. Mary E. Hughes owned the timber at the time he cut it he paid her for the 100,000 feet at the rate of $9.00 per 1000, or $900.00. The evidence establishes that the timber so cut was well worth the price of $9.00 per 1000 feet stumpage and plaintiff, when he paid Mrs. Hughes that price for it, was in no way damaged, for he only paid the true owner the real value of the property taken by him. But when he paid the defendant $450.00 for timber that did not belong to defendant he was thereby damaged to the full amount that he paid him for it.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended by reducing the amount thereof from nine hundred dollars to four hundred and fifty dollars, and that as thus amended the judgment appealed from be affirmed.